IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| Mary Cure as next of kin to Leonard Allan Cure, and Mary Cure as Administrator of the Estate of Leonard Allan Cure, | Civil Action File No. |
| Plaintiff, | |
| v. | |
| Buck Aldridge, in his Individual Capacity; Jim Proctor, in his Individual Capacity and Official Capacity as Sheriff of Camden County, Georgia, | |
| Defendants. | |

## COMPLAINT

COMES NOW Plaintiff, Mary Cure as next of kin to Leonard Allan Cure and in her capacity as Administrator of the Estate of Leonard Allan Cure (hereinafter "Plaintiff"), by and through the undersigned attorneys, and hereby files this Complaint against Buck Aldridge, in his Individual Capacity, and Jim Proctor, in his Individual Capacity and Official Capacity as Sheriff of Camden County, Ga.

INTRODUCTION

"Even though an officer may have a legal right to make an arrest, still he can use no more force than is reasonably necessary under the circumstances and cannot use unnecessary violence disproportionate to the resistance offered."

*Mullis v. State*, 196 Ga. 569, 577-78 (Ga. 1943).

Leonard Allan Cure (hereinafter "Leonard" or "Mr. Cure") was wrongfully convicted in 2003 of armed robbery in the state of Florida. In December 2020, he was exonerated. In August of 2023, Leonard received compensation from the State of Florida for his more than 16 years of wrongful incarceration. Most meaningful was that the State of Florida apologized to him for wrongfully taking his liberty.  On October 16, 2023, Leonard Cure was unlawfully killed by Deputy Buck Aldridge of the Camden County Sheriff's Office (hereinafter "CCSO").



Leonard Allan Cure poses on the day of his release from prison on April 14, 2020

Plaintiff brings federal constitutional claims against Defendant Aldridge, in his individual capacity, for committing acts under color of law that deprived Mr. Cure of his rights under the Constitution and the laws of the State of Georgia by using excessive and deadly force against Mr. Cure. Plaintiff brings federal constitutional claims against Jim Proctor, in his official capacity as the Sheriff of Camden County. Finally, Plaintiff brings state law claims of Wrongful Death, Assault and Battery against Defendant Aldridge.

## JURISDICTION AND VENUE

### 1.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' claims under the U.S. Constitution, which are brought both directly and under 42 U.S.C. § 1983.

### 2.

This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367 because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the U.S. Constitution.

### 3.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2). All of the events giving rise to this Complaint occurred within this District.

## PARTIES

4.

At all times relevant hereto, Plaintiff Mary Cure as next of kin to Leonard Allan Cure and resides in the State of Florida and is a citizen of the United States of America.   She is also the Administrator of the Estate of Leonard Allan Cure.5.

At all times relevant hereto, Defendant Aldridge was a citizen of the United States and a resident of the State of Georgia and was acting under color of state law in his capacity as a law enforcement officer employed by Camden County. Defendant Aldridge is sued in his individual capacity.

6.

At all times material hereto, Defendant Jim Proctor, was Sheriff of Camden County, an entity, corporate and political, duly organized under the laws of the State of Georgia. Defendant Jim Proctor was responsible for his deputies' training, supervision, and conduct. Defendant Jim Proctor is responsible for ensuring that his deputies obey the laws of the State of Georgia and ensuring that his rules, regulations, and policies are followed and enforced. Defendant Jim Proctor, II is sued in his individual and official capacity.

<u>FACTUAL ALLEGATIONS</u>

***Events That Occurred on October 16, 2023.***

7.

On Monday, October 16, 2023, at around 7:30 a.m., Defendant Aldridge was driving his patrol vehicle in the far-right lane on Interstate 95 South in Camden County, Ga., when he observed a gray pickup truck in the far-left lane speeding pass his vehicle. He later discovered that the operator of the pickup truck was Mr. Cure

8.

Defendant Aldridge immediately pursed after the gray pickup truck. After catching up to the gray pickup truck, Defendant Aldridge initiated his blue lights and sirens. Mr. Cure slowed his vehicle and initiated his right turn signal. Mr. Cure then pulled over to the right shoulder of the Interstate.

9.

From the time Defendant Aldridge first observed the pickup truck and until the pickup truck begin to pull over onto the right shoulder, approximately one minute lapsed.  At no time during that approximate one minute did Defendant Aldridge observed Mr. Cure operate his vehicle in such a manner that threaten the safety of other motorists on the road.

10.

In fact, Defendant Aldridge only observed Mr. Cure operating the pickup above the posted speed limit for a very brief time as the pickup truck passed him because within seconds of Defendant Aldridge initiating his blue lights and siren, Mr. immediately slowed his vehicle and pulled over to the right shoulder of the Interstate.

11.

After Mr. Cure pulled over on the right shoulder, Defendant Aldridge exited his vehicle and ordered the Mr. Cure to get out of the truck. Mr. Cure complied and exited his vehicle. Defendant Aldridge then ordered Mr. Cure to place his hands on his truck and reached to grab Mr. Cure's arm. At that time, Mr. Cure moved his arm so Defendant Aldridge could not grab him.

12.

Defendant Aldridge then unholstered his taser and pointed it at Mr. Cure and ordered Mr. Cure to step to the back of the pickup truck or he was getting tased. Mr. Cure complied with Defendant Aldridge's order.

13.

Defendant Aldridge then ordered Mr. Cure to place his hands on the back of the truck and turn around. Mr. Cure complied with Defendant Aldridge's order.

14.

After a brief dialogue between Defendant Aldridge and Mr. Cure, Defendant Aldridge ordered Mr. Cure to place his hands behind his back and attempted to grab Mr. Cure's left arm. Mr. Cure pulled away from Defendant Aldridge and sought clarification from Defendant Aldridge of why he was threating to tase him. After another brief dialogue between Defendant Aldridge and Mr. Cure, Defendant Aldridge again ordered Mr. Cure to place his hands behind his back. At that time Mr. Cure took his left hand off the pickup truck to comply with Defendant Aldridge's order. However, without any justification to do so Defendant Aldridge discharged his taser striking Mr. Cure in the back.

15.

In response to being unlawfully tased by Defendant Aldridge,  Mr. Cure physically resisted Defendant Aldridge's unlawful and excessive use of force of tasing him without cause to do so.

16.

Defendant Aldridge and Mr. Cure ensued in a physical struggle with one another. Eventually, Defendant Aldridge unholstered his service weapon and shot Mr. Cure. Mr. Cure died on the side of the Interstate.

***Defendant Aldridge's Propensity for Violence and Unlawful Use of Force.***

17.

On May 21, 2018, Defendant Jim Proctor hired Defendant Aldridge as a deputy at the Camden County Sheriff's Office. At the time Defendant Proctor hired Defendant Aldridge, Defendant Proctor knew or should have known that Defendant Aldridge had a propensity for violence and had a history of using unlawful force and excessive force while on duty as a law enforcement officer.

18.

On February 3, 2014, Defendant Aldridge received a warning for violating the Kingsland Police Department Use of Force Policy.

19.

On May 4, 2017, Defendant Aldridge was suspended for three days, placed on probation for twelve months, management directed Employee Assistance Program, and remedial use of force training for violating the Kingsland Police Department Use of Force Policy.

20.

On August 30, 2017, Defendant Aldridge was terminated from the Kingsland Police Department for violating the Kingsland Police Department Use of Force Policy.

21.

Defendant Jim Proctor knowingly retained, failed to supervisor or discipline Defendant Aldridge who had a propensity of violence and use of unlawful force while on duty as a law enforcement officer with the Camden County Sheriff's Office.

22.

On June 24, 2022, Defendant Aldridge intentionally struck Waymon Cash in the face while Mr. Cash was unarmed, laying on his back and not resisting. Additionally,  Defendant Aldridge tased Mr. Cash twice. Notably, Mr. Cash was not resisting at the times  Defendant Aldridge tased him.

23.

Defendant Jim Proctor failed to terminate deputies within his office that he knew or reasonably should have known would cause his deputies to deprive Mr. Cure and others of their rights.

***Defendant Jim Proctor failed to terminate, discipline or retain deputies/detention officers within his office and control, that he knew or reasonably should have known have a propensity of violence and unlawful use of force.***

24.

In January of 2021, Defendant Jim Proctor failed to terminate or discipline deputies/detention officers within his office and control, that he knew or reasonably should have known, who had beaten, illegally strip searched, and denied medical care of  Adam Drummond. Adam Drummond suffered a Traumatic Brain Injury.



Adam Drummond after he was released from the Camden County Jail in January of 2021.

25.

In July of 2021, Defendant Jim Proctor failed to terminate or discipline deputies/detention officers within his office and control, that he knew or reasonably

should have known, who had beaten Brian Flacher in Camden County Detention Center.



Brian Flacher after he was released from the
Camden County Jail in July of 2021.

26.

In January of 2022, Defendant Jim Proctor failed to terminate Former Deputy Christine Newman, after Newman committed an aggravated assault and simple

battery against Charis Faria while on duty as a deputy for the Camden County Sheriff office. Instead, Christine Newman was honored as a "Deputy of the Month." In January 2023, Christine Newman was indicted on six counts by a Grand Jury. (See Exhibit A).



Christine Newman striking Charis Faria while in handcuffs in January 2022.

27.

In September of 2022, Defendant Jim Proctor failed to terminate or discipline Former Deputies/Detention Officers Braxton Massey, Mason Garrick and Ryan Biegel, after they viciously beat Jarrett Hobbs at the Camden County Sheriff's Office Detention Center.



Detention Officers Braxton Massey, Mason Garrick and Ryan Biegel, assaulting  Jarrett Hobbs at
the Camden County Sheriff's Office Detention Center in September 2022.

28.

The beating of Jarrett Hobbs was brought to Defendant Proctor's attention
within days of the incident, and he deliberately failed to investigate, terminate or
discipline Braxton Massey, Mason Garrick and Ryan Biegel. Notably, Defendant
Proctor only terminated Braxton Massey, Mason Garrick and Ryan Biegel, after they
were charged by the Georgia Bureau of Investigation ("GBI") almost ten weeks
later.

29.

On May 17, 2023, Braxton Massey, Mason Garrick and Ryan Biegel were
indicted by a Camden County Grand Jury.

13

30.

In March of 2023, Defendant Jim Proctor failed to terminate Former Deputy/Detention Officer Ja'Coby Anderson, after he shoved Zyaire Ratliff to the floor and punched Mr. Ratliff several times before being pulled off by another guard. Defendant Proctor suspended Anderson only for one day without pay and ordered to undergo additional training.



Photo of Ja'Coby Anderson punching Mr. Ratliff in March of 2023.

31.

Defendant Jim Proctor only fired Anderson after the GBI got involved, and Anderson was arrested on charges of simple battery and violating his oath as a public officer on May 18, 2023.

32.

In July of 2023, Defendant Jim Proctor failed to terminate Former Deputy/Detention Officer Joshua Beauchamp, after Beauchamp shoved an inmate into a door and knocked the inmate unconscious.



Seconds before Beauchamp shoved an inmate into a door and knocking the inmate unconscious in July of 2023.

33.

Defendant Jim Proctor only fired Beauchamp after the GBI got involved, and Beauchamp was arrested and  charged with aggravated assault and violating his oath as a public officer in late July of 2023.

34.

At all times relevant, All Defendants, were acting under color of state law in their capacities as a law enforcement officer employed by Camden County Sheriff's Office.

CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF
42 U.S.C. § 1983 – Excessive Force in Violation of the Fourth Amendment
(Against Defendant Aldridge )

35.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 34 of this Complaint.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

36.

Defendant Aldridge is a person for purposes of 42 U.S.C. § 1983.

37.

Defendant Aldridge, at all times relevant hereto, was acting under the color of state law in his capacity as a Deputy or Sheriff for CCSO and his acts or omissions were conducted within the scope of his official duties or employment.

38.

At the time of the complained of events, Mr. Cure had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

39.

Mr. Cure also had the clearly established Constitutional right under the Fourth Amendment to bodily integrity and to be free from excessive force by law enforcement.

40.

Any reasonable CCSO deputy knew or should have known of these rights at the time of the complained of conduct as they were clearlyestablished at that time.

41.

Defendant Aldridge's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of Mr. Cure.

42.

Defendant Aldridge's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. Cure's federally protected rights. The force used by Defendant Aldridge shocks the conscience and violated the Fourth Amendment rights of Mr. Cure.

43.

Defendant Aldridge unlawfully seized Mr. Cure by means of objectively unreasonable, excessive and conscious shocking physical force. The force used was deadly force and did cause the death of Mr. Cure.

44.

Defendant Aldridge engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Cure's federally protected constitutional rights.

45.

Defendant Aldridge did so with shocking and willful indifference to Mr. Cure's rights and with conscious awareness that it could cause Mr. Cure severe bodily harm or death.

46.

The acts or omissions of Defendant Aldridge were the moving forces behind Cure's injuries. The acts or omissions of Defendant Aldridge as described herein

intentionally deprived Mr. Cure of his constitutional rights and caused him other damages. Defendant Aldridge are not entitled to qualified immunity for his actions.

47.

As a proximate result of all individual Defendants' unlawful conduct, Mr. Cure was killed. As a further result of the individual Defendants' unlawful conduct, Mr. Cure has incurred special damages, including medical expenses and other special damages related expenses, in amounts to be established at trial.

48.

On information and belief, Mr. Cure suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. The Plaintiff are further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

49.

In addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to punitive damages against Defendant Aldridge under 42 U.S.C. § 1983, in that the actions of Defendant Aldridge were taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Mr. Cure.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983 Claim Against Supervisor
(Against Defendant Jim Proctor in his Individual and Official Capacity)

50.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 34 of this Complaint.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

51.

Defendant Proctor is a person for purposes of 42 U.S.C. § 1983.

52.

Defendant Proctor, at all times relevant hereto, was acting under the color of state law in his capacity as Sheriff for CCSO, and his acts or omissions were conducted within the scope of his official duties or employment.

53.

The unconstitutional actions and/or omissions of Defendant Aldridge, were pursuant to the following customs, policies, practices, and/or procedures of CCSO, which were directed, encouraged, allowed, and/or ratified by policy making Defendant Proctor:

a. To use or tolerate the use of excessive and/or unjustified force;

b. To create unnecessary danger and risk of serious harm or death, with deliberate indifference, to an unarmed non threaten person;

c. To cover-up violations of constitutional rights by failing to properly investigate and/or evaluate officer involved shootings and by ignoring and/or failing to properly and adequately investigate and discipline unconstitutionalor unlawful activity by their deputies;

d. To allow, tolerate, and/or encourage a "code of silence" among their deputies, whereby a deputy does not provide adverse information against a fellow deputy;

e. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of law enforcement officermisconduct; and

f. In such other: ways as may be learned during discovery in this case.

54.

Defendant Proctor failed to properly hire,train, instruct, monitor, supervise, evaluate, investigate, and discipline deputies of the CCSO with deliberate indifference to Mr. Cure's constitutional rights,which were thereby violated as described above.

55.

The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct by Defendant Aldridge, were a moving force and/or a proximate cause of the deprivations of Mr. Cure's clearly established and well-settled constitutional rights in violation of 42 U.S.C. §1983, as more fully set forth above.

56.

Defendant Proctor subjected Mr. Cure to his wrongful conduct, depriving Mr. Cure of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Mr. Cure and other members of the general public would be violated by CCSO deputies acts and/or omissions.

57.

Defendant Proctor is/was the supervisor of every employee employed with the CCSO at all times relevant to this action.

58.

Defendant Proctor set in motion a series of acts by his subordinates, or knowingly refused to terminate a series of acts by his subordinates, that he knew or

reasonably should have known would have caused his subordinates to violate people's constitutional rights.

59.

Defendant Proctor's failure to terminate, discipline or retain deputies/detention officers within his office and control, that he knew or reasonably should have known have a propensity of violence and unlawful use of force, is the driving force that led to Leonard Cure's rights being violated be Defendant Aldridge.

60.

Defendant Proctor's knew of Defendant Aldridge's previous violations and failed to act to prevent them.

61.

At all times relevant to the action, Defendant Proctor was deliberately indifferent to claims of unlawful and  excessive force by his employees.

62.

 As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendant Proctor, Plaintiff is entitled to damages, penalties, costs and attorney fees as set forth, above, including punitive damages against Defendant Proctor in his individual capacity.

63.

As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendant Proctor, Plaintiff is entitled injunctive relief and attorney fees as set forth, against Defendant Proctor in his official capacity.

### THIRD CLAIM FOR RELIEF
(Assault and Battery)
(Defendant Aldridge)

64.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 34 of this Complaint.

65.

Defendant Aldridge unjustifiably used his taser against Mr. Cure, such force was objectively excessive and unreasonable under the circumstances.

66.

Defendant Aldridge intentional acts as described more fully herein above, put Mr. Cure in actual, subjective apprehension of immediate harmful or offensive contact.

67.

Mr. Cure apprehension was objectively reasonable under the circumstances in that a person of ordinary care and prudence under the same or similar circumstances would have believed that harmful, or offensive contact was about to occur.

68.

Defendant Aldridge's actions against Mr. Cure were unreasonable and unlawful. At the time Mr. Cure was tased by Defendant Aldridge, Mr. Cure did not pose any threat or harm to Defendant Aldridge. Defendant Aldridge acted with a depraved indifference to human life and conscious disregard for the safety of the general public, which constituted an intentional unwelcome and unprivileged touching of Mr. Cure, and was undertaken in bad faith and with actual malice.

FOURTH CLAIM FOR RELIEF
(Wrongful Death)
(Defendant Aldridge)

69.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 34 of this Complaint.

70.

Defendant Aldridge committed a battery when he discharged his weapon to intentionally strike Mr. Cure that resulted in the untimely and unlawful death of Mr. Cure.

71.

Defendant Aldridge used more force that was reasonably necessary under the circumstances and used unnecessary violence disproportionate to the resistance offered by Mr. Cure.

72.

The aforementioned act of discharging his weapons at Mr. Cure, was intentional and deliberate. Defendant Aldridge acts were carried out in bad faith and with malicious intent to harm Mr. Cure. As a direct and proximate resultof his acts, Mr. Cure was killed.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and sufferingon all claims allowed by law in an amount in excess of

$16,000,000.00.;

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

D. punitive damages on all claims allowed by law against all Defendants and in an amount in excess of $1,000,000.00.;

E. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F. pre- and post-judgment interest at the lawful rate; and,

G. any further relief that this court deems just and proper, and any other appropriate relief a law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted February 27, 2024.

**THE LAW OFFICES OF HARRY M. DANIELS, LLC**

Harry M. Daniels
Georgia Bar No.: 234158
(*Pending Pro Hac Vice*)
4751 Best Rd Suite 490
Atlanta, GA 30337
(678) 664-8529 (Tel)
(800) 867-5248 (Fax)
daniels@harrymdaniels.com

**BEN CRUMP LAW**

Benjamin  L. Crump
Washington, D.C. Bar No. 1552623
*Pending Pro Hac Vice*)
633 Pennsylvania Ave NW
Floor 2
Washington, D.C. 20004
(800) 217-4111 (Tel).
ben@bencrump.com

**STROM LAW FIRM, LLC**

/s/Mario A Pacella
Mario A. Pacella
Georgia Bar No. 558519
247 Edwards Plaza
Suite 1
Saint Simons Island, GA 31522
(912) 264-6465 (Tel)
(912) 264-6470 (Fax)
mpacella@stromlaw.com